**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| VERA-VELEZ ET AL<br><br>    Plaintiffs<br>          v.<br><br>DIAZ-SANCHEZ ET AL<br><br>    Defendants | Civil No. 06-2127 (SEC) |

**OPINION AND ORDER**

Before this Court is Plaintiffs' Motion for Execution of Judgment against Defendants Diamond Management Group and Luis Rivera-Camacho (collectively "Defendants"). Docket # 81. Defendants have not opposed. After reviewing the filings, and the applicable law, Plaintiffs' motions is **GRANTED**.

**Factual and Procedural Background**

On February 18, 2009, pursuant to the parties' settlement agreement, reached during the conference held on February 17, 2009, this Court entered judgment dismissing the case with prejudice. As a result of said agreement, Defendants were to pay Plaintiffs $18,000. On July 14, 2009, Plaintiffs filed a motion requesting that this Court issue a writ of attachment, garnishment and seizure against Defendants in order to satisfy this Court's February 17, 2009 Judgment. Docket # 81. Defendants have not filed an opposition.

**Standard of Review**

Rule 69 of the Federal Rules of Civil Procedure provides that "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution...The procedure on execution... shall be in accordance with the practice and procedure of the state in which the district court is held." FED. R. CIV. P. 69. As such, we look at Rule 56 of the Puerto Rico Rules of Civil Procedure to examine Plaintiffs' request. P.R. Laws. Ann. tit. 32, Ap. III. Rule 56.1 provides that "...before or after entering judgment, and on motion of claimant, the court may issue any provisional order it may deem necessary to secure satisfaction of the

judgment. The Court may order the attachment [or] garnishment...of personal property...or it may order any other measure it deems necessary, according to the circumstances of the case." 32 L.P.R.A. Ap. III, Rule 56.1. Rules 56.2 and 56.3 provide that no order should be issued without giving the party affected prior notice and an opportunity to be heard, and without the posting of a bond to secure all the damages that could arise from granting the remedy. See 32 L.P.R.A. Ap. III, Rules 56.2 & 56.3. Nonetheless, an order for provisional remedies may be issued without the imposition of a bond when special circumstances, listed in Rule 56.3, exist, such as when the "remedy is sought after judgment is entered." 32 L.P.R.A. Ap. III, Rule 56.3. Moreover, pursuant to Rule 56.4, an order for attachment may be issued without notice to defendant if any of the exceptions listed in Rule 56.3 are present. See, L.P.R.A. Ap. III, Rule 56.4. Notwithstanding the provisions of Rule 56.4, the Puerto Rico Supreme Court in Rivera-Rodríguez & Co. v. Lee Stowell, 133 D.P.R. 881 (1993), held that an *ex parte* attachment order –without prior notification and hearing– may be issued only when the movant has alleged or demonstrated that (1) he has a prior property interest in the thing attached, (2) there are exceptional circumstances, or (3) he has authentic documentary evidence showing that the debt at issue is liquid, due and owing. Id. at pp. 899-900 (holding that the text of Rule 56.4 renders the rule unconstitutional inasmuch as it permits the entry of an *ex parte* attachment order in more circumstances than the ones stated above).

Rule 56 allows the Court ample discretion in its decision whether to issue an order for a provisional remedy. For example, Rule 56.1 states that "the court may issue any provision order it may deem necessary" and "shall consider the interests of all the parties and shall adjudicate as substantial justice may require." See, 32 L.P.R.A. Ap. III, Rules 56.1. Likewise, the Puerto Rico Supreme Court has construed this procedural rule expansively. In fact, "its only limitation is that the measure be reasonable and adequate to the essential purpose of the same, which is to guarantee the effectiveness of the judgment which in due time may be rendered." HMG Property v. Parque Industrial Río Cañas, Inc., 847 F.2d 908, 914 (1st Cir. 1998) (quoting F.D. Rich Co. v. Superior Court, 99 P.R.R. 155, 173 (1970)).

**Civil No. 06-2127 (SEC)**                                                                 3
_____

### Applicable Law and Analysis

Upon examining the instant motion, requesting the execution of the judgment entered by this Court on February 18, 2009, and it appearing from the records of this Court, and Plaintiff's motion, that the Defendants failed to pay Plaintiffs the sum of money adjudged to be paid under said judgment, and that more than ten days have elapsed from the entry of judgment, pursuant to FED. R. CIV. P. 69, Plaintiffs' motion is **GRANTED**. As such, it is hereby **ORDERED**:

That the personal or real property, assets, and other credits of Defendants Diamond Management Group and Luis Rivera-Camacho, of value not exceeding $18,000, be attached, garnished, or seized to secure the satisfaction of the judgment, whether the personal property be in their possession, or in the possession of third parties, upon which the instant order is served. It is **FURTHER ORDERED** that the above-mentioned Defendants are prohibited from tampering, encumbering in any form or manner any personal or real property in favor of third parties. Therefore, the United States Marshal shall proceed with the execution of said judgment by attachment of Defendants' property in the amount that would satisfy the judgment. The Clerk of this Court shall issue a Writ of Execution addressed to the United States Marshall directing the attachment, garnishment and seizure of the property designated by Plaintiffs.

**IT SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of September, 2009.

                                                 S/ *Salvador E. Casellas*
                                                 SALVADOR E. CASELLAS
                                                 United States District Judge